Dear President Stratton Taylor
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect:
1. Are the pleadings in a criminal case, particularly theinformation, "records" within the meaning of the Oklahoma OpenRecords Act, 51 O.S. 24A.3 (1998), which must be made availablefor public inspection and copying once the district attorney hasfiled the pleading with the court clerk?
 2. How long may a court clerk or district attorney withholdthe pleadings from public inspection and copying withoutviolating their duty to provide "prompt, reasonable access" tothe public pursuant to 51 O.S. 24A.5 (1998)?
 3. Must a district attorney or police department makeavailable for public inspection and copying a record whichincludes a list of all charges contained in an informationpursuant to 51 O.S. 24A.2 and 51 O.S. 24A.8 (1998)?
 I.
¶ 1 As to your first question, it is useful to note at the outset that the term "pleadings" is not defined with regards to criminal actions under Title 22 ofthe Oklahoma Statutes. For the purposes of this Opinion, the term pleadings is used in the general context of the information, indictment, or motions, among other documents, which may be filed in a criminal action. "Information" and "indictment" each are defined to be the first pleading on the part of the state in a criminal prosecution.[1] See 22 O.S. 388 (1991).
¶ 2 The Oklahoma Open Records Act, 51 O.S. 24A.1-51 O.S.24A.24 (1991-1998), makes unequivocal the policy of the State of Oklahoma to make most records of public bodies open for public inspection or copying:
 [I]t is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government. . . . The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power. . . . Except where specific state or federal statutes create a confidential privilege, persons who submit information to public bodies have no right to keep this information from public access nor reasonable expectation that this information will be kept from public access; provided, the person, agency or political subdivision shall at all times bear the burden of establishing such records are protected by such a confidential privilege[.]
51 O.S. 24A.2 (1991).
¶ 3 For the purposes of the Act, a record is defined as
 [A]ll documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, and record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property. . . .
51 O.S. 24A.3 (1998).
¶ 4 A public body, under the Act, means:
 [A]ny office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof . . .
Id.
¶ 5 Pursuant to the Open Records Act, all records of a public body must be made available for public inspection and copying, unless such records are covered by a privilege of confidentiality:
 All records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours; provided:
 1. The Oklahoma Open Records Act, Section 24A.1 et seq. of this title, does not apply to records specifically required by law to be kept confidential including:
 a. records protected by a state evidentiary privilege such as the attorney-client privilege, the work product immunity from discovery and the identity of informer privileges, or
 b. records of what transpired during meetings of a public body lawfully closed to the public such as executive sessions authorized under the Oklahoma Open Meeting Act, Section 301 et seq. of Title 25 of the Oklahoma Statutes.
51 O.S. 24A.5 (1998).
¶ 6 The office of a district attorney and the office of a court clerk are public bodies under the Open Records Act in that both are supported in whole or in part by public funds. (19 O.S.215.30 (1998) and 19 O.S. 180.61-19 O.S. 180.83 (1991-1998), respectively) Thus, any records of such offices which fit the definition of public records under Section 51 O.S. 24A.3 must be open for public inspection and copying unless a privilege of confidentiality exists by legislative action. Documents, such as an information, an indictment or sundry motions available in a criminal matter, created and filed in the context of a criminal case, are documents "created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business[.]" 51 O.S. 24A.3
(1998).
¶ 7 We must determine, then, whether a privilege of confidentiality exists which authorizes a district attorney's office or court clerk's office to maintain confidentiality of criminal pleadings. The Open Records Act specifically allows district attorneys to keep litigation files and investigatory reports confidential:
 Except as otherwise provided by state or local law, the Attorney General of the State of Oklahoma and agency attorneys authorized by law, the office of the district attorney of any county of the state, and the office of the municipal attorney of any municipality may keep its litigation files and investigatory reports confidential.
51 O.S. 24A.12 (1991).
¶ 8 It is important to note that Section 51 O.S. 24A.12
states that such files "may" be kept confidential. It is within the discretion of the office involved. If a document from a district attorney's litigation file is later filed with the court clerk, and there is not otherwise a privilege of confidentiality on the document, it must be made available for public inspection and copying by the court clerk. In other words, the fact that a district attorney may keep litigation files confidential does not extend to other files in which the document is kept:
 Access to records which, under the Oklahoma Open Records Act, would otherwise be available for public inspection and copying, shall not be denied because a public body or public official is using or has taken possession of such records for investigatory purposes or has placed the records in a litigation or investigation file. However, a law enforcement agency may deny access to a copy of such a record in an investigative file if the record or a true and complete copy thereof is available for public inspection and copying at another public body.
51 O.S. 24A.20 (1991).
¶ 9 No general privilege of confidentiality exists for an office of a court clerk. Therefore, from these statutes we conclude that criminal pleadings in the litigation files of a district attorney may be kept confidential. See 51 O.S.24A.12 (1991). Once such records are filed with a court clerk, where no privilege of confidentiality exists, such records must ordinarily be made available for public inspection and copying at the office of the court clerk. The only exception, again, is if a specific privilege of confidentiality exists. From time-to-time a district court may "seal" an information, in other words, the court may order the information to be kept confidential until an arrest is made, the authority for which extends from the plenary powers of the district court. See Okla. Const. Article VII, Section 7. This works to prevent the defendant from gaining an advance warning of arrest in the event the defendant might take flight. Likewise, the law requires grand jury indictments to be kept confidential. See 22 O.S. 385 (1991).
¶ 10 The answer to your first question is pleadings in a criminal case, such as motions, the information or the indictment, may be kept confidential by a district attorney's office. Such pleadings, when filed with the court clerk, must be made available for public inspection or copying unless they have been sealed by a court or are protected by a specific privilege of confidentiality. See, e.g., 22 O.S. 385 (1991).
 II.
¶ 11 You asked in your second question how long a court clerk or district attorney may "withhold" a public record before there is a violation the Open Records Act. As you noted in your letter, the Open Records Act requires public bodies to provide "prompt, reasonable access." 51 O.S. 24A.5 (1998). In Merrill v.Oklahoma Tax Comm'n., 831 P.2d 634 (Okla. 1992), the Oklahoma Supreme Court looked at such factors as the nature of the request for public records, the number of records requested and the format sought therefor, and the efforts necessary for the public body to compile those records, to determine whether the Tax Commission acted reasonably in response to a request for copies of public records. Although the request in Merrill may be seen as an extreme example, it sets forth a logic that public bodies must look only to the nature of the request and the efforts necessary to respond to it to determine a reasonable response time for the request. There is no provision in the Open Records Act for a public body to "withhold" records for any amount of time, however small. The duty to provide prompt and reasonable access is complied with only when a public body properly attends to its duty to provide a record. Id. How long that time is a question of fact outside the scope of an Attorney General's Opinion. See 74 O.S. 18b(A)(5) (1998).
 III.
¶ 12 You asked in your third question whether a district attorney's office or police department must make available for public inspection and copying a list of all charges contained in an information pursuant to Section 51 O.S. 24A.8 of the Open Records Act. As discussed above, records in the litigation files of a district attorney may be kept confidential, although if that information is a record of another public body, it must be provided to the public by that body unless a specific privilege of confidentiality allows it to be kept confidential. See 51O.S. 24A.12 (1991). Law enforcement records are not public records except as specified in the Open Records Act:
 A. Law enforcement agencies shall make available for public inspection, if kept, the following records:
 1. An arrestee description, including the name, date of birth, address, race, sex, physical description, and occupation of the arrestee;
 2. Facts concerning the arrest, including the cause of arrest and the name of the arresting officer;
 3. Conviction information, including the name of any person convicted of a criminal offense;
 4. Disposition of all warrants, including orders signed by a judge of any court commanding a law enforcement officer to arrest a particular person;
 5. A chronological list of incidents, including initial offense report information showing the offense, date, time, general location, officer and a brief summary of what occurred;
 6. A crime summary, including a departmental summary of crimes reported and public calls for service by classification or nature and number;
 7. Radio logs, including a chronological listing of the calls dispatched; and
 8. Jail registers, including jail blotter data or jail booking information recorded on persons at the time of incarceration showing the name of each prisoner with the date and cause of his commitment, the authority committing him, whether committed for a criminal offense, a description of his person, and the date or manner of his discharge or escape.
 B. Except for the records listed in subsection A of this section and those made open by other state or local laws, law enforcement agencies may deny access to law enforcement records except where a court finds that the public interest or the interest of an individual outweighs the reason for denial. . . .
51 O.S. 24A.8 (1991).
¶ 13 Two aspects of this section are noteworthy. First, there is not the same mandate of openness for law enforcement records which exists for nearly every other record of a public body. Pursuant to Section 24A.8, only those records specified in subsection (A) must be made available for public inspection and copying if they are kept. Access to other law enforcement records may be denied "except where a court finds that the public interest or the interest of an individual outweighs the reason for denial[.]" 51 O.S. 24A.8(B) (1991). Although this implies that a law enforcement agency must be able to specify a reason for denying access to a record not specified in Subsection A, it clearly swings the initial burden of disclosure to the party seeking disclosure. Second, Section 51 O.S. 24A.8(A) specifies that this Section applies only to law enforcement records. It imposes no requirement for a law enforcement agency to create a record.
¶ 14 In regard to your question, pleadings of a criminal file are not specified in Subsection (A) of Section 51 O.S. 24A.8(A) as records required to be disclosed by a law enforcement agency. There is no requirement for a law enforcement agency to create that record. Therefore, a law enforcement agency, such as police department, is not required to create or make available, if otherwise possessed, a record of all charges against a defendant in a criminal case.
¶ 15 It is, therefore, the Opinion of the Attorney Generalthat:
 1. The pleadings in a criminal case, particularly theinformation, are "records" within the meaning of the OklahomaOpen Records Act, 51 O.S. 24A.3 (1998). A court clerk mustmake such pleadings available for public inspection and copyingonce the district attorney has filed the pleading with the courtclerk, 51 O.S. 24A.5 (1998), unless the pleading has beensealed by a court or is protected by a privilege ofconfidentiality, such as the confidentiality of a grand juryindictment by 22 O.S. 385, until such time as the order ofthe court expires or is removed and until the grand juryindictment is made public pursuant to statutory provision. Adistrict attorney may keep information contained within thedistrict attorney's litigation files confidential and so notdisclose an information or other pleadings. See 51 O.S.24A.12 (1991).
 2. A court clerk or district attorney has no authority towithhold public records from inspection and copying. Suchofficers must provide "prompt, reasonable access" to the publicpursuant to 51 O.S. 24A.5 (1998). This generally may includeonly the time required to locate and compile such publicrecords. Id.
 3. A district attorney may keep confidential records containedin the litigation files of that office. Police departments arenot required to provide public access to records of the policedepartment except as provided in Section 51 O.S. 24A.8 of theOpen Records Act or pursuant to court order. Neither a districtattorney nor a police department must make available for publicinspection and copying a record which includes a list of allcharges contained in an information. See 51 O.S. 24A.2-51O.S. 24A.8 and 51 O.S. 24A.12 (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES R. JOHNSON ASSISTANT ATTORNEY GENERAL
[1] The context of this Opinion is the duty to provide access to records by the public in general. This Opinion does not cover, and is not intended to cover, any constitutionally based duty of a district attorney to provide any materials to a criminal defendant.